UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**LEVAR JACKSON**                                                                                       **PLAINTIFF**

v.                                                  **CIVIL ACTION NO. 5:14CV-31-GNS**

**JEFF JOHNSON** *et al.*                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Defendants, by counsel, filed a motion to dismiss (DN 72). Plaintiff Levar Jackson, who is proceeding without counsel, filed a response (DN 49); Defendants filed a reply (DN 51); and Plaintiff filed a sur-reply (DN 58). For the reasons that follow, Defendants' motion will be granted.

### I.

Plaintiff was a convicted inmate when he filed his complaint. He has since filed a notice of change of address indicating his release from custody. Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against the following Fulton County Detention Center (FCDC) officers: Chief Deputy Jeff Johnson, Lieutenant Nick Parnell, Lieutenant Danieal Thompson, Officer Ronnie, Officer Kendra, Officer Jamie Alexander, and Officer Tina Elliott. He sued Defendants in their individual and official capacities and sought compensatory and punitive damages.

In the complaint (DN 1), Plaintiff alleged that a "hit" was placed on him when he initially was incarcerated in the Fayette County Jail and claimed that when he was later transferred to the FCDC in September 2012, Defendants knew about the "hit," tried to have him murdered, and ultimately failed to protect him from an assault on December 9, 2012, by two white inmates. He further complained about harassment; spit and semen being put in his food by inmates and

guards; receiving different treatment than white inmates; and a conspiracy among Defendants to harm/murder him.

Plaintiff further alleged that on February 12, 2013, he was transferred from FCDC to the Owensboro Substance Abuse Program (SAP). He alleged a conspiracy between FCDC Defendants and SAP staff members to murder him due to the "hit" on him and claimed that while at the Owensboro SAP, he feared for his life. Also in the complaint, Plaintiff indicated that he was later transferred to the Daviess County Jail and then back to the Fayette County Detention Center, where he was incarcerated when he filed the complaint and that he feared for his life at those institutions, as well.

## II.

In the motion to dismiss (DN 72), Defendants make two arguments. First, they argue that Plaintiff's action against Defendants is untimely as he failed to file the complaint within one year of his transfer from the FCDC on February 12, 2013. Second, they argue that all allegations made by him following his transfer from the FCDC fail as they related to actions of persons other than Defendants and that, in any event, he has not established a physical injury as required by the Prison Litigation Reform Act (PLRA) under 42 U.S.C. § 1997e(e).

In response (DN 49), Plaintiff contends that he knows that his complaint "was mailed off by inmate services worker Ms. Wynn of fayette county before febuary 12th 2014," and he states that "ive been informed from legal aide worker who also a inmate at Kentucky State reformatory that long as Western district of paducah federal courts had May Complaint before febuary 12 2014 it's not my fault it was filed febuary 26th." Plaintiff further asserts as follows:

> i did my research while preparing My Law suit and found out every state has a diffrent statue of limitations example It's 3 years in the State of New York after your released from custody of department of Corrections. I wasnt going by the febuary 12th date i was released from fulton county i

2

> was going by the date i left Kentucky department of Correction Custody which was June 21st 2013. . . .when i was released from fulton county [and] was sent to Dismas charities Owensboro substance abuse program . . . when i was released i signed papers saying if i didn't complete program i would be immediately sent back to fulton County also papers I signed also told me if i didnt complete program i wouldnt Be allowed to parole to the streets . . . So technicaly i was still property of fulton county you can be terminated and sent back where you came from for The smallest things i also was still in D.O.C. Custody the day i left should Say 2.17.2013 my booking date into davies county jail was 2.17.2013[.]

(first ellipsis by Plaintiff). Plaintiff continues that he was in Daviess County custody from February 17, 2013, until May 2013, when he was sent to the "Louisville S.A.P. program," which he left on June 20, 2013. Consequently, argues Plaintiff, "with every date i named in this motion I beat out statue of limitations which should have started 6.20.2013 when I left the Custody of department of corrections facility in Louisville, Ky after having same problems." He claims, "i still turned in complaint 2.9.2014 So i know western district of paducah received it before 2.12.2014 which would be a Calendar year."

In their reply (DN 51), Defendants state that while Plaintiff alleges that he mailed his complaint on or before February 12, 2014, he does not submit any proof to that effect. Further, Defendants state that even if the statute of limitations is met upon placing a complaint in the mail, Plaintiff certified in his complaint that "a copy of this Complaint was delivered to the prisoner mail system for mailing on 2-16-2014" and signed his name under this certification. Defendants, therefore, continue to argue that Plaintiff's complaint was filed on February 21, 2014, over one year after his transfer from FCDC and over one year after any contact with any Defendant, and that his allegations about events occurring after his transfer from FCDC fail to meet the physical injury requirement under the PLRA.

Finally, in Plaintiff's sur-reply (DN 58), he cites to *Thomas v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002), which he states holds that "under PLRA, claims for constitutional violations

3

Absent physical injury need not be dismised outright, but recovery is Limited to nominal and punitive damages (as well as injunctive and declaratory Relief) because allow compensatory Damages without physical injuries would amount to recover for mental or emotional injury, which the plra prohibits." He then indicates, "I was injured during attack by 2 Inmates at fulton county and injured."

### III.

While Defendants do not indicate under which of the Federal Rules of Civil Procedure they bring their motion to dismiss, the Court construes their motion as being brought under Rule 12(b)(6). In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). The motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Directv, Inc.*, 487 F.3d at 476 (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)).

Although a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Although Rule 12(b) does not specifically address motions to dismiss based on the alleged expiration of the applicable statute of limitations, a complaint that shows on its face that relief is barred by the affirmative defense of the statute of limitations is properly subject to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *City of Painesville, Ohio v. First Montauk Fin. Corp.*, 178 F.R.D. 180, 193 (N.D. Ohio 1998). A statute of limitations defense essentially signifies that the face of the complaint contains an insurmountable bar to relief, indicating that the plaintiff has no claim. *See Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 828 (S.D. Ohio 1998) (citing *Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978)).

### A. Claims during incarceration at FCDC

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). In the case of a prisoner's civil action, the one-year period is tolled for the time period during which available administrative remedies are being exhausted. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle*

*Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir.1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). In other words, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 183.

Plaintiff states in the complaint that he was transferred from FCDC on February 12, 2013.[1] The statute of limitations for any alleged wrongdoing by Defendants while Plaintiff was at FCDC, therefore, accrued at the latest on that date and expired one year later on February 12, 2014. Although Plaintiff maintains that the statute of limitations began to run on June 20, 2013, when he left the custody of the Department of Corrections, he knew or had reason to know of his alleged injuries on and before February 12, 2013, the date he was transferred away from FCDC. Thus, Plaintiff's argument regarding the accrual date is without merit.

A review of the complaint shows that Plaintiff certified that he filed his complaint on February 16, 2014.[2] Under the prisoner mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that the mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing"). Plaintiff's complaint, therefore, was filed after the

---

[1] Plaintiff actually states in the complaint that he was transferred "around feb 12, 2012." While Plaintiff writes "2012," the Court liberally construes the complaint, based on the chronology of Plaintiff's allegations, as indicating that he was transferred on February 12, 2013.

[2] Even though Plaintiff signed his complaint on January 25, 2014, he certified that a copy of the complaint was delivered to the prisoner mail system for mailing on February 16, 2014.

limitations period had run. Thus, the claims against Defendants arising during the time Plaintiff was incarcerated at FCDC are time-barred and must be dismissed.

### B. Claims after transfer away from FCDC

Defendants also argue that Plaintiff fails to show any physical injury as to any claims arising after his transfer from FCDC. A review of the complaint reveals that Plaintiff alleges a conspiracy between Defendants at FCDC and various non-Defendant individuals at different correctional and SAP facilities to harm him, and he further alleges that indirect threats were made to him by these various individuals at the those facilities.

Despite Plaintiff's alleged threats of harm, the law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute against prisoners' complaints, courts have required that the injury be more than *de minimis*. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury"); *Zehner v. Trigg*, 952 F. Supp. 1318, 1327 (S.D. Ind. 1997) (a finding of no physical injury from asbestos in the air requires dismissal without prejudice to plaintiff's right to later satisfy the physical injury requirement).

7

In the complaint, Plaintiff alleges fear of harm, but no physical injury, following his transfer from FCDC. In his response and sur-reply, the only physical injury he mentions is as a result of the December 9, 2012, assault during his incarceration at FCDC, and as determined above, the claims arising from that incident are untimely.

Fear of harm short of physical injury is not compensable under § 1983. *See, e.g.*, *Wilson v. Yaklich*, 148 F.3d at 601 ("Even if he had claimed a non-physical injury such as fear of assault at the hands of the prison gang, however, monetary damages for such alleged harm would not have been appropriate in *this* Eighth Amendment context.").

> However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. [A] claim of psychological injury does not reflect the deprivation of "the minimal civilized measures of life's necessities," that is the touchstone of a conditions-of-confinement case. Simply put, [the plaintiff] alleges, not a "failure to prevent harm," but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation.

*Id.* (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)) (internal citations omitted). Plaintiff's claims that Defendants conspired with staff/officers at other facilities to harm and murder him must, therefore, be dismissed.

### IV.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion to dismiss (DN 72) is **GRANTED** and that the claims against all Defendants are **DISMISSED** as a matter of law.

Date: March 21, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4416.005